UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:16-CR-465-T-17MAP

STEVEN PAUL BURCH.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 205 | Petition for Action and Notice of Apparent Violation of Pretrial Release |
| Dkt. 206 | Addendum |
| Dkt. 210 | Notice of Authorities in Support of Motion |
| Dkt. 215 | Government's Exhibit List |
| Dkt. 218 | Order |
| Dkt. 221 | Appeal From Order Revoking Conditions of Release (or Bond)(Doc. 218) |
| Dkt. 228 | Response |
| Dkt. 222 | Transcript - May 29, 2018 |
| Dkt. 223 | Transcript - May 30, 2018 |

Defendant Steven Paul Burch appeals the Order Revoking Conditions of Release (or Bond)(Doc. 218) pursuant to 18 U.S.C. Sec. 3145(c). Defendant Burch requests the Court to conduct a de novo hearing as to: 1) whether there is no condition or combination of conditions that will assure that Defendant Burch will not flee or pose a danger to the safety of any other person or the community; and 2) whether Defendant Burch is unlikely to abide by any condition or combination of conditions.

Defendant Burch asserts that it is imperative that Defendant Burch be in a non-custodial situation in order to aid his counsel in his defense, and to keep

Case No. 8:16-CR-465-T-17MAP

Defendant Burch's law practice afloat. Defendant Burch asserts that he is not a flight risk, and there is no evidence that he is a danger to society. Defendant Burch argues that he has a substance abuse problem with steroids and weight loss substances, and nothing more; this abuse problem is not a danger to society. Defendant Burch argues that, while Defendant has not followed the conditions of release regarding taking steroids and weight loss substances, there are conditions of release that can be imposed with which Defendant Burch is likely to abide:

1. one-week in-patient substance abuse treatment and counseling;
2. weekly out-patient substance abuse treatment and counseling;
3. curfew;
4. GPS;
5. weekly urine screens;
6. polygraph testing.

Defendant Burch asserts that Defendant's issues on release have always been Defendant's continued use of steroids, whether as a steroid or as Clenbuterol (a steroid-like substance for weight loss which is legal in Europe). Defendant Burch contends that Defendant's substance abuse issues can be treated without requiring Defendant Burch to be locked in jail.

The Government opposes Defendant Burch's Motion.

The Court heard oral argument on June 29, 2018. Defendant Burch and Pretrial Services Officer Tad Parks testified at the hearing.

I. Background

Defendant Burch was arrested on November 4, 2016, and was subsequently

2

Case No. 8:16-CR-465-T-17MAP

released subject to standard conditions and special conditions. (Dkt. 10).

Defendant Burch's prior criminal record includes the following:

| | |
|---|---|
| 10/14/2005 | DUI |
| 10/17/2005 | Leaving Scene of Accident |
| 9/3/2009 | DUI |
| 4/10/2014 | Knowingly Driving While License Suspended or Revoked |
| 8/8/2015 | DUI with Property Damage |

Sarasota County court records show that Defendant Burch's Case No. 15CT12729 was resolved by a plea on April 24, 2017; Defendant Burch was sentenced to probation, which was revoked in March, 2018. The Florida Bar requires Defendant Burch to attend weekly meetings in connection with the DUI conviction. (Dkt. 136, p. 13).

In this case, Pretrial Services filed three Petitions for Action and Notice of Apparent Violation. (Dkts. 108, 190, 205). After a hearing and determination of the first Petition, the Court imposed additional conditions and admonished Defendant Burch. (Dkt. 119). After a hearing and determination of the second Petition, although the Court found a violation, the Court did not impose additional conditions or detain Defendant Burch. The Court did admonish Defendant Burch. (Dkt. 202).
After a hearing and determination of the third Petition, the Court detained Defendant Burch. (Dkt. 218).

II. Discussion

18 U.S.C. Sec. 3148 governs a defendant "who has been released under section 3142 of this title, and who has violated a condition of his release." 18 U.S.C.

Case No. 8:16-CR-465-T-17MAP

Sec. 3148(a). It sets forth the sanctions available for violation of a release condition. A person who violates a condition of his release is subject to a revocation of release, an order of detention, and prosecution for contempt of court.
18 U.S.C. Sec. 3148 (a). Section 3148 provides the standards for issuing an order revoking conditional release:

> The judicial officer shall enter an order of revocation and detention, if, after a hearing, the judicial officer—
>
> (1) finds that there is—
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. Sec. 3148(b).

The Court has reviewed the pleadings, read the transcripts and listened to the recording of the prior hearings. The Court has further considered the testimony before the undersigned today.

Defendant Burch does not dispute the findings of the assigned Magistrate Judge as to 18 U.S.C. Sec. 3148(b)(1)(A)(B), but has requested a <u>de novo</u>

4

Case No. 8:16-CR-465-T-17MAP

determination as to 18 U.S.C. Sec. 3148(b)(2)(A)(B).

After careful consideration, the Court affirms the Order Revoking Conditions of Release (or Bond)(Doc. 218).

The factors to be considered in determining whether there is any condition of release that will assure that Defendant Burch will not flee or pose a danger to the safety of the community include:

> (1) the nature and circumstances of the offense charged, including whether the offense...involves a controlled substance ...;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person...; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. Sec. 3142(g).

The pattern of Defendant's conduct has had an adverse effect on Defendant Burch's credibility, and has raised concerns about a corresponding increasing risk that Defendant Burch will flee.

The Court further notes that even if Defendant Burch were not a danger to the community and there was no risk of flight, the record supports the Court's determination that Defendant Burch is unable to abide by Defendant's conditions of release. Defendant Burch is a former law enforcement officer, and, as an attorney, is an officer of the court. Defendant Burch testified that Defendant Burch will now fully comply with all conditions of release, but there are a number of risk factors reflected in Defendant Burch's circumstances, and Defendant Burch's past lack of

candor has not restored the Court's complete confidence that Defendant Burch is likely to do so. Accordingly, it is

**ORDERED** that the Order Revoking Conditions of Release (or Bond) is **affirmed**; the Court **denies** Defendant Burch's request for imposition of conditions with which Defendant Burch is likely to abide.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of June, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record